**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NETGEAR, INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 6:21-cv-00155-ADA<br><br>Hon. Alan D. Albright<br><br>**JURY TRIAL DEMANDED** |

**NETGEAR'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

I. VENUE LAW.......................................................................................................................... 1

II. VENUE IS NOT PROPER IN THE WESTERN DISTRICT OF TEXAS ....................... 2

   A. NETGEAR Does Not Reside in This District ................................................................ 2

   B. NETGEAR Does Not Have a Regular and Established Business in This District.................................................................................................................................. 3

      1. Locations of NETGEAR's distributors and resellers are not places "of the defendant." ................................................................................................................... 3

      2. NETGEAR does not maintain a channel account manager in Austin ....................... 4

      3. NETGEAR does not maintain an independent support center in Austin ................... 4

      4. That NETGEAR maintains a right to transact business in Texas is irrelevant ......... 5

III. TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA ............................. 6

   A. This Action Could Have Been Brought in the Northern District of California ................................................................................................................................. 6

   B. The Relative Ease of Access to Sources of Proof Favors Transfer ............................. 6

      1. The Northern District of California is more convenient for the witnesses. ............... 6

      2. The Northern District of California has higher availability of compulsory process. ......................................................................................................................... 7

      3. The Northern District of California would have lower cost of attendance for willing witnesses in both time and monetary expense. .............................................. 8

   C. Local Interest in Having Localized Interests Decided at Home Favors the Northern District of California..................................................................................... 8

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
   No. 6:13-CV-362, 2014 WL 10748106 (W.D. Tex. June 11, 2014) .................................7, 8

*Akurate Dynamics, LLC v. Carlisle Fluid Techs., Inc.*,
   No. 6:20-CV-00606-ADA, 2021 WL 860006 (W.D. Tex. Mar. 8, 2021)
   (Albright, J.)......................................................................................................................1

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017)........................................................................................2, 3

*CUPP Cybersecurity LLC v. Symantec Corp.*,
   No. 3:18-CV-01554-M, 2019 WL 1070869 (N.D. Tex. Jan. 16, 2019) ...................................6

*French Transit, Ltd. v. Mod. Coupon Sys., Inc.*,
   858 F. Supp. 22 (S.D.N.Y. 1994) .........................................................................................2

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)........................................................................................6, 7

*Koss Corp. v. Skullcandy, Inc.*,
   No. 6-20-CV-00664-ADA, 2021 WL 1226557 (W.D. Tex. Mar. 31, 2021)........................3, 4

*Lonrho PLC v. Starlight Invs., LLC*,
   No. CIV.A. H-11-02939, 2012 WL 256421 (S.D. Tex. Jan. 27, 2012)...................................4

*Optic153 LLC v. Thorlabs Inc.*,
   No. 6:19-CV-00667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020)
   (Albright, J.)...................................................................................................................2, 5

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ...........................................................................................7, 8

*Wireless Recognition Techs. LLC v. A9.com, Inc.*,
   No. 2:10-CV-364-JRG, 2012 WL 506669 (E.D. Tex. Feb. 15, 2012) ....................................8

**Statutes**

28 U.S.C. § 1400(b) .................................................................................................1, 2, 3, 6

28 U.S.C. § 1404................................................................................................................2, 6

28 U.S.C. § 1406.............................................................................................................2, 6, 9

**Other Authorities**

*Motions to Dismiss—Improper Venue*, 5B FED. PRAC. & PROC. CIV. § 1352 (3d ed.) ..................................................................................................................................4

Fed. R. Civ. P. 12(b)(3).................................................................................................................1

Fed. R. Civ. P. 45(c)(1).................................................................................................................8

**PRELIMINARY STATEMENT**

The Western District of Texas is not a proper venue for this case. NETGEAR, Inc. (NETGEAR) does not reside in the Western District of Texas nor does it have a regular and established business in the Western District of Texas. There is simply not a single fact that supports venue under 28 U.S.C. § 1400(b), the venue provision for patent cases.

WSOU's venue support rests on an allegation that NETGEAR maintains a "channel account manager" and an "independent customer support center" in Austin, Texas. Compl. ¶¶ 3, 7. This is incorrect. NETGEAR does not maintain any employee nor any support center in Austin, Texas, or, for that matter, anywhere in the Western District of Texas.

Since NETGEAR does not reside in nor does it have a regular and established business in the Western District of Texas, WSOU's complaint cannot proceed against NETGEAR in the Western District of Texas. Instead, the litigation should be either dismissed or transferred to the Northern District of California, where NETGEAR operates its headquarters, where NETGEAR personnel associated with the aspects of WSOU's cases are located, and where this action could have been brought.

**I.   VENUE LAW.**

Pursuant to Federal Rule of Procedure 12(b)(3), a defendant may move to dismiss for improper venue. Title "28 U.S.C. § 1400(b) 'constitutes the exclusive provision controlling venue in patent infringement proceedings.' Under § 1400(b), a claim for patent infringement must be brought (1) in the judicial district where the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business." *Akurate Dynamics, LLC v. Carlisle Fluid Techs., Inc.*, No. 6:20-CV-00606-ADA, 2021 WL 860006, at *1 (W.D. Tex. Mar. 8, 2021) (Albright, J.) (quoting *TC Heartland LLC v. Kraft Foods Grp. Brands*

1

*LLC*, 137 S. Ct. 1514, 1518 (2017); other citations, internal alterations and quotation marks omitted)).

The Federal Circuit has explained that under § 1400(b), there are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

If (as here) venue is improper, the district court "shall dismiss" the action or, "if it be in the interest of justice," transfer the action to a district where it could have been brought. 28 U.S.C. § 1406. The transfer factors a court should consider, in the event the case is not dismissed and is transferred instead, are effectively the same as those considered under a motion to transfer under § 1404. *See, e.g.*, *French Transit, Ltd. v. Mod. Coupon Sys., Inc.*, 858 F. Supp. 22, 27 (S.D.N.Y. 1994). The difference, however, is that the moving party under § 1400(b) carries no burden, because even if it is not in the "interest of justice" to transfer, the action "shall" be dismissed.

**II.    VENUE IS NOT PROPER IN THE WESTERN DISTRICT OF TEXAS.**

    **A.  NETGEAR Does Not Reside in This District.**

Under 28 U.S.C. § 1400(b), venue is proper "in the judicial district where the defendant resides." 28 U.S.C. § 1400(b). "A domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *1 (W.D. Tex. June 19, 2020) (Albright, J.). NETGEAR is incorporated in Delaware, April 15, 2021 Declaration of Karen Wu ("Decl.") ¶ 3, and so does not reside within this District.

### B.  NETGEAR Does Not Have a Regular and Established Business in This District.

Because NETGEAR does not reside in the District, venue is only proper if NETGEAR "has a regular and established place of business" in the Western District of Texas.  28 U.S.C. § 1400(b).  NETGEAR has no place of business nor employees in this District, *see* Decl. ¶¶ 9–10, which the Federal Circuit has said is fatal to venue under § 1400(b), *see, e.g.*, *In re Cray*, 871 F.3d at 1360–64.

> 1. *Locations of NETGEAR's distributors and resellers are not places "of the defendant."*

WSOU's Complaint fails to explain exactly how venue is proper in this District over NETGEAR.  The Complaint, instead, makes general allegations that NETGEAR uses distributors and resellers that have locations within this District.  Compl. ¶¶ 4–6 (noting that Best Buy and Tech Data Corporation maintain locations in the W.D. Tex. and that AT&T previously had a location there).

As a matter of law, these allegations cannot support venue under § 1400(b) because, as the Federal Circuit recently clarified, a place of business must be the place "*of the defendant*."  *In re Cray*, 871 F.3d at 1360 (emphasis in original).  And this Court recently rejected this argument in *Koss Corp. v. Skullcandy, Inc.*, No. 6-20-CV-00664-ADA, 2021 WL 1226557, at *3 (W.D. Tex. Mar. 31, 2021).  There, the plaintiff had argued that venue was present because the defendant leased shelf-space at retailer Best Buy and provided products on consignment to retailer Office Depot, both of which had locations within the District.  *See id.*  This Court held those allegations could not support venue, finding that the defendant "d[id] not have possession or control over any shelf-space," and so the presence of retailers within the District could not "give it a regular and established place of business in this District."  *Id.*  Here too, NETGEAR does not have possession

3

or control over any shelf-space or other property once it sells its products to distributors and retailers, so WSOU's allegations are insufficient to support a finding of proper venue.

Locations of Best Buy, Tech Data Corporation, and AT&T are not places of business for the defendant, NETGEAR. Instead, they are places of separate corporate entities conducting separate businesses wholly independent from NETGEAR's.

2. *NETGEAR does not maintain a channel account manager in Austin.*

Plaintiff alleges that "Defendant maintains a channel account manager in Austin, Texas." Compl. ¶ 3. NETGEAR does not maintain a single employee, account manager or otherwise, in Austin or the rest of the Western District. Decl. ¶ 10. Such an allegation, which is directly contradicted by Defendant's declaration, must be rejected. *See, e.g.*, *Koss Corp.*, 2021 WL 1226557, at *3 (rejecting a plaintiff's venue allegations where they were contradicted); *Lonrho PLC v. Starlight Invs., LLC*, No. CIV.A. H-11-02939, 2012 WL 256421, at *2 (S.D. Tex. Jan. 27, 2012) (courts "consider extrinsic evidence" on a 12(b)(3) motion to dismiss); Wright & Miller, *Motions to Dismiss—Improper Venue*, 5B FED. PRAC. & PROC. CIV. § 1352 (3d ed.) (On a 12(b)(3) motion, "[a]ll well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits." (citations omitted))

3. *NETGEAR does not maintain an independent support center in Austin.*

Plaintiff next alleges that NETGEAR maintains "an independent customer support center for at least some of its wireless network products in Austin, Texas," citing three URLs which purport to show a location in Austin, TX. Compl. ¶ 7. None of the websites are operated by NETGEAR nor by any reputable organization, nor do they even appear to agree on what the purported location is called. *See id.* (identifying URLs stating the location is called "Orbi Router Setup," "NETGEAR Orbi router," or "NETGEAR Orbi Customer Support."). In any event, there

is no location of NETGEAR in Austin, and NETGEAR does not maintain a support center in Austin. Decl. ¶ 9.

NETGEAR notes that these websites are unreliable on their face. For instance, all three websites list a location at 9801 Stonelake Blvd, Austin, TX 78759; that address, however, is of an apartment building, not a business. The websites list a URL that is associated with the supposed "location," but that website—https://www.orbirouterlogin.net/—does not have any content. The websites list a 1-800 telephone number, but it is not a number for NETGEAR, and a voicemail at the number states it belongs to "CFGI"; in addition, a simple Google search reveals that that 1-800 number is associated with a number of other addresses and businesses.[1] Simply put, nothing about the websites cited by Plaintiff show that NETGEAR has a place of business in Austin, TX.

4. *That NETGEAR maintains a right to transact business in Texas is irrelevant.*

Plaintiff's Complaint also maintains that NETGEAR has a right to transact business in Texas. Compl. ¶ 8. It is true that NETGEAR does maintain an active right to transact business in Texas. But this Court has recognized that "[t]he mere fact that [a] Defendant is registered and earns revenue in Texas has no bearing on the Court's venue analysis." *Optic153*, 2020 WL 3403076, at *2. Thus, this fact cannot support a finding of proper venue.

In conclusion, not a single fact supports a finding of venue in this case. NETGEAR does not maintain a "regular and established place of business" in this District, as required by the patent

---

[1] *See* "MyWifiext.net Setup," Rails Root, https://www.railsroot.com/companies/361-mywifiext-net-setup (listing the same 1-800 number, but an address in Corona, CA); "Mywifiext Netsetup," LocalBizNetwork, https://www.localbiznetwork.com/united-states/staten-island/mywifiext-netsetup-mywifiext-net-setup (listing the same 1-800 number, but an address in New York, NY); "Henry Jones Mywifiext Local Setup," Realwordofmouth.com, https://www.realwordofmouth.com/ui/g/henry-jones-mywifiext-local-setup-sarasota-fl/bus/10368 (listing the same 1-800 number, but an address in Sarasota, FL).

5

infringement exclusive venue provision, 28 U.S.C. § 1400(b), and thus venue is improper in this District.

### III. TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA.

The Court should, "if it be in the interest of justice," transfer the action to the Northern District of California—a district where it could have been brought. *See* 28 U.S.C. § 1406. Courts generally analyze which venue is in the interest of justice under § 1406 using the same considerations as it would on a § 1404 motion, except there is no burden on the moving party, because the alternative is dismissal of the case, not denial of the motion. *See, e.g.*, *CUPP Cybersecurity LLC v. Symantec Corp.*, No. 3:18-CV-01554-M, 2019 WL 1070869, at *7 (N.D. Tex. Jan. 16, 2019). Because this is not a motion to transfer and NETGEAR has no burden, NETGEAR discusses only those considerations relevant here.

**A. This Action Could Have Been Brought in the Northern District of California.**

There can be no dispute that these lawsuits could have been brought in the Northern District of California. Venue is proper in the Norther District of California under Section 1400(b) because NETGEAR is headquartered in San Jose, California, which—unlike the Plaintiff's asserted places—*is* a "regular and established place of business" of NETGEAR under 28 U.S.C. § 1400(b). For the same reason, NETGEAR is also subject to general personal jurisdiction in the Northern District of California and subject-matter jurisdiction over patent cases lie in any federal court.

**B. The Relative Ease of Access to Sources of Proof Favors Transfer.**

*1. The Northern District of California is more convenient for the witnesses.*

Witnesses are an important source of proof in patent cases. And of the individual factors in a transfer analysis, witness convenience is "probably the single most important." *In re Genentech, Inc.,* 566 F.3d 1338, 1343 (Fed. Cir. 2009) (internal citation omitted).

NETGEAR is headquartered in San Jose, California, and its research, design, and development employees are almost entirely based in those headquarters. Decl. ¶¶ 3, 8. More specifically, nearly all of NETGEAR's software and hardware engineers are based in San Jose, Decl. ¶ 8, and resolving WSOU's infringement accusations will require testimony from these engineers. Again, NETGEAR does not have employees or engineers in the Western District of Texas. Decl. ¶ 11. Further, NETGEAR's personnel for the marketing, sales, and distribution of the accused products are also located in NETGEAR's San Jose headquarters, Decl. ¶ 5, and infringement and damages issues will be based on testimony from those witnesses.

NETGEAR's San Jose office is located more than 1,700 miles from the Western District of Texas, creating significant inconvenience for witnesses traveling to Waco, which should be minimized, strongly weighing in favor of the Northern District of California as the most appropriate alternative venue. *See, e.g.*, *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004); *Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. 6:13-CV-362, 2014 WL 10748106, *6 (W.D. Tex. June 11, 2014) ("[A] court should also be mindful of the location of the activities surrounding the research, development, and production of the accused products because '[t]he trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production.'" (citation omitted)).

    2. *The Northern District of California has higher availability of compulsory process.*

Because this Court lacks subpoena power over witnesses that reside in California, this factor also favors the N.D. Cal. over a different venue. Under Rule 45, this Court may not enforce a subpoena on a witness outside of the state of Texas, *see* Fed. R. Civ. P. 45(c)(1), but subpoena power may be applied to compel the participation of NETGEAR's former employees and lower-level employees in the Northern District of California (*i.e.*, including the San Jose area). *In re*

7

*Genentech*, 566 F.3d at 1345 ("[T]here [are] a substantial number of witnesses within the subpoena power of the Northern District of California and no witness who can be compelled to appear in the Eastern District of Texas.  The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly.").

> 3. *The Northern District of California would have lower cost of attendance for willing witnesses in both time and monetary expense.*

The time and financial expense for travel to Texas from California, and the attendant time away from the regular employment of NETGEAR's witnesses, weigh heavily in favor of the Northern District of California.  *See, e.g., Volkswagen,* 371 F.3d at 204–05.  The great majority of NETGEAR's potential party witnesses live near and work at NETGEAR's San Jose corporate headquarters, and travel to the Western District of Texas would require at least six hours of travel time each way and meals and lodging expenses, in addition to the time lost from work.  *See id.* ("[S]cheduling fact witnesses . . . gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way.").

### C. Local Interest in Having Localized Interests Decided at Home Favors the Northern District of California.

This factor strongly favors the Northern District of California.  The district where a party has its principal place of business typically has a stronger local interest in the adjudication of the case, including because NETGEAR's sales, marketing, and distribution functions are located in San Jose.  *Affinity,* 2014 WL 10748106, *3; Decl. ¶ 5.  And NETGEAR's reputation and conduct are expressly implicated by this case.  *See Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-CV-364-JRG, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15, 2012) (local interest factor weighs in favor of transfer when defendants are headquartered, develop the accused products, and employ a large number of people in the transferee venue).  In stark contrast, the W.D. Tex. has no true connection to this case.  NETGEAR has no relevant employees here and any decision negatively

affecting NETGEAR or its employees would have a far greater impact in California. And, there is no local interest weighing against transfer because this venue is improper.

In sum, since venue is improper in this District, this case should be transferred to the Northern District of California under 28 U.S.C. § 1406.

## IV. CONCLUSION.

WSOU's filing of this case in the Western District of Texas does not satisfy the patent venue requirements, and it does not belong in this District. The case should be dismissed, or transferred to the Northern District of California.

| | |
|---|---|
| Dated: April 15, 2021 | Respectfully Submitted, |
| | NETGEAR, INC. |
| | By: */s/ Amr O. Aly* |
| Kevin E. Cadwell | Amr O. Aly (pro hac vice) |
| State Bar No. 24036304 | Cayman C. Mitchell (pro hac vice) |
| David R. Clonts | JENNER & BLOCK LLP |
| State Bar No. 04403700 | 919 Third Avenue |
| Cadwell Clonts & Reeder LLP | New York, NY 10022 |
| One Riverway, Suite 1700 | Telephone: 212-891-1600 |
| Houston, Texas 77056 | Facsimile: 212-891-1699 |
| Telephone: 713.360.1560 | aaly@jenner.com |
| Facsimile: 940-233-8587 | cmitchell@jenner.com |
| kcadwell@cadwellclontsreeder.com | |
| dclonts@cadwellclontsreeder.com | Alexander J. Hadjis (pro hac vice) |
| | JENNER & BLOCK LLP |
| | 1099 New York Ave, NW |
| | Washington, DC 20016 |
| | Telephone: 202-639-6000 |
| | Facsimile: 202-639-6066 |
| | ahadjis@jenner.com |
| | |
| | Lisa M. Schoedel (pro hac vice) |
| | Yusuf Esat (pro hac vice) |
| | JENNER & BLOCK LLP |
| | 353 N. Clark Street |
| | Chicago, IL 60654-3456 |
| | Telephone: 312-222-9350 |
| | Facsimile: 312-527-0484 |
| | lschoedel@jenner.com |
| | yesat@jenner.com |
| | |
| | *Attorneys for Defendant NETGEAR, Inc.* |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for NetGear, Inc. has conferred with counsel for WSOU Investments, LLC in a good-faith effort to resolve the matter presented herein. Counsel for WSOU stated that WSOU opposes the instant Motion.

*/s/ Kevin E. Cadwell*

## CERTIFICATE OF SERVICE

I, Kevin E. Cadwell, an attorney at the law firm of Cadwell Clonts & Reeder LLP, certify that on April 15, 2021, the foregoing **NETGEAR'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA** was electronically served on counsel of record via email.

*/s/ Kevin E. Cadwell*
Kevin E. Cadwell